Matter of Joel S. v Heidi S. L.-S. (2018 NY Slip Op 07734)





Matter of Joel S. v Heidi S. L.-S.


2018 NY Slip Op 07734


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2017-07544
 (Docket No. P-2085/16)

[*1]In the Matter of Joel S. (Anonymous), respondent,
v
Heidi S. L.-S. (Anonymous), appellant.


Suzanne Kimberly Bracker, New York, NY, for appellant.
Ellen O'Hara Woods, New City, NY, for respondent.
Helena A. Phillibert, New City, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 5, the mother appeals from an order of filiation of the Family Court, Rockland County (Rachel E. Tanguay, J.), dated April 26, 2017. The order determined that the petitioner is the father of the subject child.
ORDERED that the order of filiation is affirmed, with costs.
After the mother sought child support for the subject child from the father in a divorce proceeding that she initiated in Supreme Court, Kings County, the father commenced the instant filiation proceeding in Family Court, Rockland County. Upon the mother's consent, the Family Court granted the father's motion for DNA/genetic marker testing to determine whether he was in fact the father of the child. The certified test results indicated there was a greater than 99.9999% probability that he was the father of the child. Consequently, the Family Court entered an order of filiation determining that the father was the child's father. The mother appeals, and we affirm.
"Contrary to [the mother's] contention, under Family Court Act § 532, DNA test results which indicate at least a 95% probability of paternity were not only admissible, but create a rebuttable presumption of paternity" (Matter of Kerry S. v Avelda B., 122 AD3d 429, 430). As the mother failed to rebut the presumption of the father's paternity of the child in any way, we agree with the Family Court's determination that the father is the child's father.
RIVERA, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court